BEFORE THE SECOND DIVISION, APRIL 3, 1962

No. 66656.—Roto Bag Machine Corp. and Rohner, Gehrig & Co., Inc. *v.* United States, protest 58/16843 (New York).

FORD, Judge :   The imported merchandise consists of a machine which is used to manufacture paper bags and which was classified as an article having as an essential feature an electrical element or device under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessed with duty at the rate of 13¾ per centum ad valorem.   Plaintiffs contend that the machine should have been classified under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as a machine, finished or unfinished, not specially provided for, and, consequently, dutiable at the rate of 13 per centum ad valorem.

The pertinent provisions of the statutes referred to above are as follows :

Paragraph 353, Tariff Act of 1930, as modified by T.D. 52739, *supra* :

Articles having as an essential feature an electrical element or device, such as electric motors, * * * wholly or in chief value of metal, and not specially provided for :

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| Other * * *_____ 13¾% ad val. | | | | | | |

Paragraph 372, Tariff Act of 1930, as modified by T.D. 54108, *supra* :

Machines, finished or unfinished, not specially provided for :

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| Other * * *_____ 13% ad val. | | | | | | |

It was not disputed that the importation is a machine.   The only issue before us is whether the machine is more specifically provided for within the purview of paragraph 353, as modified, *supra.*

The record indicated that the machine is operated by loading a roll of paper onto the rear end of the machine, which roll is passed through the machine, formed into a tube, sealed, and folded over to make the completed bag.   The machine is imported in a knocked-down condition and is assembled in this country.   In its imported condition, the machine does not have switches or wiring, or any other electrical equipment.

The sole witness in this case, Robert M. Campbell, manager of the service division of Roto Bag Machine Corp., testified that, almost without exception, electrical motors are used in this country as the motive power for the imported machine.   The electric motors are not specifically designed for the machine, but are general-purpose motors, supplied by a manufacturer in this country, which are usually installed by a licensed electrician.   In order to operate the machine, the electric motor is fastened on the floor about 3 or 4 feet away from

the machine and transmits power by connecting V-belts from a pulley on the motor to a pulley on the machine. The witness explained that although the machine could not profitably be operated by hand, any type of power could be used to turn the machine, such as a diesel or gasoline engine.

Plaintiffs cite the case of *United States* v. *Baker Perkins, Inc., et al.,* 46 C.C.P.A. (Customs) 128, C.A.D. 714, as being directly in point. At the trial, counsel for defendant agreed that the *Baker Perkins* case, *supra,* is controlling herein.

In the *Baker Perkins* case, *supra,* the importation was a cocoa liquor grinding mill, which was classified by the collector as a machine, not specially provided for, under paragraph 372 of the Tariff Act of 1930, as modified. The mill was operated by a V-belt drive connected to a prime mover, which was not part of the importation. The court, in holding the cocoa liquor grinding mill to be properly classifiable as a machine, made the following statement:

* * * It is well settled that the classification of an imported article must rest upon its condition as imported, and that condition in this case did not limit the drive to an electric motor. The mere contemplation of the use of electric motive power is not sufficient to constitute the machine an article having as an essential feature an electrical element under paragraph 353.
* * * In this day and age the water wheel and steam engine have passed from the commercial scene insofar as the operation of factory machine tools is concerned. One need not look far to discover that almost every machine in a factory is operated by an electric motor as a practical commercial matter. If this fact is to be taken into consideration in construing paragraph 353 then the humblest wood-turning lathe and every other device having a pulley or sprocket on it for the attachment of a drive belt or a chain is going to become an "article having as an essential feature an electrical element or device" because, practically, it is going to be operated by electrical motive power if it is operated at all.

* * * Any source of adequate power connected to that pulley to rotate the shaft would run the machine. Except for practical and commercial considerations, in the operation of a chocolate factory in a given location, the power source would be immaterial. Selection of an electric motor did not make the grinding mill an essentially electrical article.

A review of the record in the instant case is indicative of the fact that the operative features of the imported machine, relevant to the issue to be determined, are materially similar to the machine involved in the *Baker Perkins* case, *supra.* Both machines were imported without an electric motor or any other type of motive power. Although electrical motive power apparently is commercially the most practical, either machine could be operated by other sources of adequate power. Each machine contained a pulley, which was connected to the electric motor by means of a V-belt drive.

Accordingly, based upon the rationale of the *Baker Perkins* case, *supra,* as applied to the importation before us, we find and hold the imported merchandise to be a machine within the purview of paragraph 372 of the Tariff Act of 1930, as modified, *supra,* and, as such, subject to duty at the rate of 13 per centum ad valorem, as claimed by the importer.

To the extent indicated, the protest is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be entered accordingly.